IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTANCE FINLEY, | No.06-6247 CW (MEJ) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AND STRIKING PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION |
| vs. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY; THE BOSTON FINACIAL GROUP LONG-TERM DISABILITY PLAN; and DEMPSEY INVESTIGATIONS, INC., | |
| Defendants. | |

**I. Introduction**

Before the Court is Plaintiff Constance Finley's Motion for Sanctions. Plaintiff seeks both economic and monetary relief. She seeks the following sanctions: (1) That Plaintiff Hartford Life and Accident Insurance Company, ("Hartford") and its counsel pay all fees and cost incurred by Plaintiff related to her expert Tim Scmolder; (2) That Hartford and its counsel pay all fees and costs incurred by Plaintiff related to the depositions of Shawn Dempsey, Richard Sawn, and Jarred Morgan; (3) That Plaintiff may submit and rely on expert testimony regarding the surveillance

videos produced on July 26, 2007. After careful consideration of the parties' papers and oral arguments, the applicable statutory and case law authorities, and good cause appearing, the Court hereby issues the following order.

## II. Background

Plaintiff filed her complaint on October 4, 2006, claiming that Defendant Boston Financial Group Long-Term Disability Plan ("Plan") wrongfully terminated her disability benefits in violation of the Employee Retirement Income and Security Act ("ERISA"). In addition, Plaintiff seeks relief against Defendant Hartford Life and Accident Insurance Company ("Hartford") and Dempsey Investigations ("Dempsey") for trespass and violation of her right to privacy. Plaintiff contends that Hartford violated her right to privacy by causing its agent Dempsey to trespass onto her land and film her and her roommate through the kitchen window of Plaintiff's home.

On October 24, 2008, Plaintiff filed the Motion for Sanctions which is now before the Court. In her motion, Plaintiff alleges that Hartford had in its possession surveillance video of the Plaintiff in her kitchen ("kitchen video"), taken by Dempsey in February of 2001 and failed to disclose this video in violation of Federal Rule of Civil Procedure 26(a); that Hartford's attorney certified Hartford's initial and incomplete disclosure in violation of Federal Rule of Civil Procedure 26(g); and that Defendant failed to produce the kitchen video even though producing it was clearly responsive to her March 9, 2007 request for production.

Plaintiff asks the Court for sanctions in the amount of the costs and attorney's fees she spent: (1) taking the depositions of Dempsey CEO, Shawn Dempsey, its vice president, Richard Sawn, and Jarred Morgan the investigator who took the surveillance video as to the content of the video, and (2) retaining the services of an expert. Plaintiff asserts that she took these depositions and engaged this expert solely Defendant did not provide her with the kitchen video in a timely manner, and that she would not have otherwise engaged the expert, or taken these depositions.

## III. Discussion

**A. Legal Standard**

Federal Courts have the authority to sanction litigants for discovery abuses both under the Federal Rules of Civil Procedure and pursuant to the court's inherent power to prevent abuse of the judicial process. *See Chambers v. NASCO, Inc.* 501 U.S. 32, 45-46 (1991); *In re Matter of Yagman,* 796 F.2d 1165, 1187 (9th Cir. 1986). Specifically, where a party fails to disclose or supplement as required by Federal Rule of Civil Procedure 26(a) or (e), Federal Rule of Civil Procedure 37 authorizes the court to impose a range of sanctions, including, *inter alia,* ordering payment of reasonable expenses, including attorney's fees cause by the failure. Fed. R. Civ. P. 37(c)(1). Under Rule 37, the standard of sanctionable misconduct is generally one of objective reasonableness. *Oregon RSA No. 6, Inc., v. Castle Rock Cellular of Or. Ltd. P'ship,* 76 F.3d 1003, 1007 (9th Cir. 1996) (discussing Rule 26(g); *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1989)(discussing Rule 37). In Contrast, a showing of bad faith is required to impose sanctions under the court's inherent power. *See Chambers,* 501 U.S. at 50; *Zimbrano v. City of Tustin,* 885 F.2d. 1473, 1478 (9th Cir. 1989). Furthermore, "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than [its] inherent power." *Chambers*, 501 U.S. at 50. In either case, the decision to impose sanctions lies within the sound discretion of the district court. *Lasar v. Ford Motor Co.* 399 F.3d 1109 (9th Cir. 2005)(reviewing sanctions imposed under the court's inherent power); *Payne v. Exxon Corp.,* 121 F., 121 F.3d 503, 510 (9th Cir. 1997) (upholding sanctions imposed under the Federal Rules of Civil Procedure).

**B. Failure to Make Initial Disclosure of Kitchen Video**

Federal Rule of Civil Procedure 26(a) requires a party to disclose all documents, including electronically stored information, that the party may use to support its claims or defenses without awaiting a discovery request. Federal Rule of Civil Procedure 26 (e) requires a party who has made a disclosure under subdivision (a) or responded to include information later required.

Hartford and the Plan served their Rule 26 initial disclosures on January 19, 2007. (Roberts Decl., Ex. 20, McIsaac Decl., ¶4.) Defendant indicated that they were disclosing a copy of the administrative record related to Plaintiff's disability claim, and produced copies of the claim file,

3

electronic notes, Special Investigations Unit ("SIU") file, surveillance videos of February 2001 and October 2001, conducted by Dempsey (which Hartford's SIU investigative analyst received directly from Dempsey in 2005), and HUB Enterprises. (*id.*) Due to what Hartford calls an "administrative oversight", the video disclosed was not the full version of the February 2001 surveillance and did not contain the footage of Plaintiff in her kitchen[1]. (see Declaration of John Snow "Snow Decl.") Hartford argues that it complied with its usual procedure and that a reasonable search was done, and that as soon as it discovered that the full video had not been disclosed it complied with Fed. R. Civ. P. 26(e) and supplemented its earlier disclosure.

Though the Court agrees that an administrative oversight contributed to Hartford's failure to do its initial disclosures, the Court does not agree that a reasonable search was done. Hartford cannot escape the fact that it hinged responsibility for these disclosures entirely on the shoulders of an administrative assistant. When she failed to search the "old database" as Hartford's own policy required, the kitchen video was not discovered, even though it was not lost or misplaced. The Court finds it unreasonable for Hartford to rely on a system which contains so few checks and balances that the mere fact that an administrative assistant did not look for a file, in the filing cabinet where that file was normally kept, could undermine Hartford's entire initial disclosure apparatus. The file was where it was supposed to be. It was unreasonable for Hartford not to find it there at the point of its initial disclosures. Therefore the Court finds that Hartford violated Federal Rule of Civil Procedure 26(a)

Hartford argues that it turned over the video as soon as it was found and therefore complied with Rule 26(e). Though it is true that Hartford eventually turned over the kitchen tape, it is also true that a reasonable search would have turned up the tape for disclosure in January of 2007 rather than July.

**C. March 9, 2007 Request for Production**

---

[1] The Court is aware and accepts Defendant's explanation of Hartford's procedure for archiving and accessing files in the event of litigation as described in the Declaration of John Snow.

4

Next Plaintiff argues that the kitchen video should have been turned over as clearly responsive to Plaintiff's First Request for Production of Documents. Even if the Court construes Plaintiff's request to cover the kitchen video, the plaintiff assertion that the request was "clearly requested" is not supported. Despite assertions that the tape was essential to her case on the right to privacy and trespass issues, the Court can find nowhere in the record after the filing of this lawsuit where the Plaintiff asked Hartford for the missing tape with specificity, or otherwise put the defendants on notice that the kitchen part of the video was missing. This is especially true in light of the fact that Plaintiff specifically asked Defendant Dempsey Investigations for video.

**D. Hartford's Attorney's Certification of Initial Disclosures**.

Defendant requests sanctions against Hartford's attorney for failure to perform a reasonable inquiry as required by Federal Rule of Civil Procedure 26(g)(2). Hartford's attorney counters that a reasonable inquiry was performed and that there is no evidence of bad faith. The Court finds that Hartford's attorney should have diligently supervised the methods Hartford used to gather material for discovery. Doing so may have avoided much of the controversy now before the Court. The Court further finds that Hartford did not make the requisite "reasonable inquiry" required by Rule 26(g). However, since Hartford's attorneys relied, however erroneously, on Hartford's defective search methods, the Court finds they were negligent but did not act in bad faith in certifying Hartford's discovery. In light of the fact that plaintiff did not serve a clear and concise request for the tape from the attorneys before embarking on reconstructing it, the court declines to sanction Hartford's attorneys in this instance for their negligence.

## IV. REMEDIES

Plaintiff seeks monetary sanctions against Hartford in the amount that she would have otherwise not spent on attorney's fees and costs had the Defendant disclosed the kitchen video and turned it over in a timely manner. These fees are governed by Rule 37(c)(1), which provides that the court may require payment of reasonable expenses, including attorney's fees, caused by the failure. In calculating "reasonable attorney's expenses," the Court uses the lodestar approach, multiplying the time reasonable expended on the motion by a reasonable rate. *See Kraszewski v. State Farm Ins.*

*Agency,* 1984 WL 1027 (N.D. Cal.)(applying lodestar approach to calculate attorney's fees awarded to party that prevailed on Rule 37 motion for discovery abuse.)

In calculating the lodestar amount, the Court considers any of the factors listed in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975), cert denied 425 U.S. 951 (1976), that are relevant.[2] *See Jordan v. Multnomah County,* 815 F.2d 1258, 1264 n. 11 (9th Cir. 1987)(noting that the Ninth Circuit no longer requires that district court address every factor listed in *Kerr).* To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, they may be considered in determining whether the fee award should be adjusted upward or downward, once the lodestar has been calculated. *Chalmers v. City of Los Angeles,* 796 F2d 1205, 1212. However, there is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan,* 815 F.2d at 1262.

In this case the Plaintiff's attorney submitted an extensive list of attorney's fees and costs totaling $57,888.50. Plaintiff calculates these fees as costs directly related to preparing for and taking the depositions of Mr. Dempsey, Mr. Sawn, and Mr. Morgan, and having to hire the Mr. Schmolder as an expert. She asserts that the depositions would have been unnecessary, and she would not have engaged an expert, had she had access to the kitchen tape at a more timely point in the litigation. The Court does not agree. The Court rejects the assertion that none of the work done would have been done if the tape had been turned over earlier, and finds that a prudent attorney

---

[2] In *Kerr,* which was decided before teh lodestar approach was adopted by the Supreme Court as the starting point for determining reasonable fees in *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983), the Ninth Circuit adopted the 12-factor test articulated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d. 714 (5th Cir. 1974). This analysis looked to the following factors for determining reasonable fees: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4)the preclusion of other employment by the attorney due to acceptance of the case,(5)the customary fee (6)whether the fees is fixed or contingent, (7)time limitations imposed by the client or circumstances,(8)the amount involved and the results obtained,(9)the experience, reputation, and ability of the attorneys, (10)'the undesirability' of the case,(11)the nature and length of the professional relationship with the client, and(12) awards in similar cases. *Kerr* 526 F.2d at 70.

6

would have done much of the discovery, and hired an expert whether or not he or she had access to the tape early in the discovery process. The fact that Plaintiff used the much the information at the summary judgement stage bears this out. The Court has no doubt that some of the enumerated costs and fees would not have been necessary if she had earlier access to the kitchen video, but does not accept counsel's argument that she would not have expended any of the stated amount if the video were made available earlier. The Court must therefore use its discretion to determine a reasonable sanction. The Court therefore sanctions Hartford in the amount of $9000.00.

The Defendant's Motion to strike Plaintiff's Reply to Defendant's Opposition is granted. In her Reply not only does the Plaintiff raise new issues but she attempts to do what she did not do in her original motion Plaintiff cannot do this for the first time in her reply . She tries to establish the reasonableness of her attorney's fees and justify many of the costs she incurred as being solely attributable to the Defendant's failure to timely turn over the kitchen video and her Reply continues to fail to meet her burden of adequate specificity. The Court strikes Plaintiff's reply.

### V. Conclusion

The Court hereby strikes the Plaintiff's reply to the extend noted above, and sanctions Hartford in the amount of $9000.00.

**IT IS SO ORDERED.**

Dated: February 22, 2008

MARIA-ELENA JAMES
United States Magistrate Judge

7