IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONSTANCE FINLEY,

    Plaintiff,

  v.

HARTFORD LIFE & ACCIDENT INSURANCE CO., et al.,

    Defendants.

    /

No. 06-06247 CW

ORDER DENYING DEFENDANT PLAN'S MOTION TO STAY EXECUTION OF JUDGMENT WITHOUT BOND OR, ALTERNATIVELY, FOR APPROVAL OF SUPERSEDEAS BOND (Docket No. 219)

Defendant Boston Financial Group Long Term Disability Plan (the Plan) has filed a motion to stay execution of the judgment pending appeal without bond. Alternatively, the Plan requests leave to post a supersedeas bond for $191,231.33. Plaintiff Constance Finley opposes the motion. The motion was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies the Plan's motion for stay of execution of the judgment without a supersedeas bond. To stay execution of the judgment, the Plan shall post a bond of $236,315.33, plus the amount of attorneys' fees and costs provided for in the parties' confidential stipulation.

## BACKGROUND

On November 20, 2009, the Court ordered that Plaintiff recover

of the Plan the sum of $191,231.33, interest thereon as provided by 28 U.S.C. § 1961 and her costs of action.  On December 11, 2009, the Plan filed notice of its appeal to the Ninth Circuit.  On January 7, 2010, the parties entered into a stipulation on attorneys' fees and costs.  On April 27, 2010, the Plan filed a motion to stay execution of the judgment without bond pending the disposition of its appeal.

DISCUSSION

I.   Motion to Stay Judgment Without Supersedeas Bond

Under Federal Rule of Civil Procedure 62(a), the execution or enforcement of a judgment is automatically stayed for fourteen days after entry of the judgment.  After this automatic stay, a court may continue the stay during the pendency of post-judgment motion practice or an appeal.  Fed. R. Civ. P. 62(b), (d).

To stay execution of judgment, a supersedeas bond is typically required.  See Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required."); Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).  "The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment."  NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988).

Courts have discretion to stay execution of a judgment without requiring a bond.  See Federal Prescription Serv. v. Am.

2

Pharmaceutical Ass'n, 636 F.2d 755, 759-61 (D.C. Cir. 1980) (stating that Rule 62 "in no way necessarily implies that filing a bond is the only way to obtain a stay"); N. Ind. Pub. Svc. Co. v. Carbon County Coal Co., 799 F.2d 265, 281 (7th Cir. 1986) (district court has discretion to waive $2 million appeal bond). A trial court may also, in its discretion, allow the judgment debtor to use some alternative type of security. In re Combined Metals Reduction Co., 557 F.2d 179, 193 (9th Cir. 1977).

The Plan argues that no bond is necessary because there is no risk of the judgment becoming uncollectible. According to the Plan, it is fully insured by Hartford Life and Accident Insurance Company, a subsidiary of The Hartford Financial Services Group, Inc., which has more than $300 billion in assets. Def.'s Ex. A, at 1. The Plan argues that, in the absence of any real risk of the judgment becoming uncollectible, a supersedeas bond is an unnecessary expense that serves no purpose.

Although the Plan may be backed by sufficient assets, this does not warrant a deviation from the normal procedure contemplated by Rule 62(d). The Plan does not allege that the posting of a supersedeas bond would result in any hardship. Nor does the Plan offer an alternative form of security sufficient to protect Plaintiff's interests. It merely states that it is insured by an entity that has extensive assets and, therefore, no bond is required. Such a statement, standing alone, does not provide meaningful security to the prevailing party.

The purpose of the supersedeas bond is to protect the interests of the prevailing plaintiff. See NLRB v. Westphal, 859

F.2d at 819. Plaintiff opposes the Plan's motion, arguing that she has been without her long-term disability benefit for four years and wishes to insure prompt payment if she prevails on appeal. Given Plaintiff's opposition and the lack of hardship on the part of the Plan, the Court declines to exercise its discretion to stay the judgment without the posting of a supersedeas bond.

II. Motion to Set Bond at $191,231.33

The Plan moves, in the alternative, for the Court to approve a supersedeas bond of $191,231.33. Plaintiff opposes the motion, arguing that the bond should be set at $236,315.33, plus the amount of attorneys' fees and costs to which the parties stipulated.

Generally, district courts should attempt to achieve full satisfaction of a judgment in setting a supersedeas bond. See Brooktree Corp. v. Advanced Micro Devices, Inc., 757 F. Supp. 1101 (S.D. Cal. 1990); Poplar Grove, 600 F.2d at 1191 (supersedeas bond in the amount of $10,000 for a $270,985.65 judgment was insufficient); Enserch Corp. v. Shand Morahan & Co., Inc., 918 F.2d 462, 464 (5th Cir. 1990) (vacating lower court's waiver of supersedeas bond and ordering issuance of bond to secure $25 million judgment). District courts have inherent discretionary authority, however, in setting the amount of a supersedeas bond. Rachel, 831 F.2d at 1505 n.1; Brooktree Corp., 757 F. Supp. at 1104.

In North River Insurance v. Greater New York Mutual Insurance, the court, after trial, entered a judgment in favor of the plaintiff in the amount of $4,432,324. 895 F. Supp. 83, 84 (E.D. Pa. 1995). The court later awarded attorneys' fees to North River

4

in the amount of $211,921.68. Id. The defendant posted a supersedeas bond in the amount of $4,644,264, which was approximately $20 more than the total award to the plaintiff. Id. The court found this amount to offer inadequate protection of the two judgments because it did not provide for post-judgment interest and attorneys' fees and costs, to which the plaintiff would be entitled if the defendant's appeal was unsuccessful. Id. The court ordered the defendant to increase the amount of the bond to $4,950,000 to afford the plaintiff full protection. Id. at 85.

Here, the Plan's proposed bond in the amount of $191,231.33 covers only the cost of the judgment in Plaintiff's favor. It does not provide for the future benefits that will accrue to Plaintiff during the appeals period, post-judgment interest or attorneys' fees and costs. The Plan provides no argument that justifies posting a bond providing less than what Plaintiff would receive if she prevails on appeal. Plaintiff estimates that the Plan's appeal will take one year and, during this period, she will accrue $45,084.00 in insurance benefits. This estimate is reasonable.

The Plan argues that the bond should not cover attorneys' fees and costs because they were not fixed as part of the judgment but were instead the result of the parties' stipulation. There does not appear to be any authority directly addressing the propriety of setting a supersedeas bond based on stipulated attorneys' fees and costs. However, the Plan offers no reason to distinguish between attorneys' fees and costs awarded by a court and those agreed upon pursuant to stipulation. Therefore, the Plan must post a bond that accounts for the judgment in Plaintiff's favor, the amount of

5

benefits that will accrue during the pendency of the appeal and the attorneys' fees and costs to which the parties agreed.

CONCLUSION

Accordingly, the Plan's motion to stay the judgment without supersedeas bond or, in the alternative, to approve a supersedeas bond of $191,231.33 is DENIED. (Docket No. 219.) If the Plan wishes to stay the judgement pending appeal, it shall post a supersedeas bond in the amount of $236,315.33, plus the amount of attorneys' fees and costs to which the parties agreed in their confidential stipulation. If, within thirty days, the Plan provides notice that it has posted such a bond, the Court will stay execution of the judgment.

IT IS SO ORDERED.

Dated: July 13, 2010

CLAUDIA WILKEN
United States District Judge