IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CONSTANCE FINLEY,

    Plaintiff,

  v.

HARTFORD LIFE & ACCIDENT INSURANCE CO.; THE BOSTON FINANCIAL GROUP LONG-TERM DISABILITY PLAN; and DEMPSEY INVESTIGATIONS, INC.,

    Defendants.

                                           /

No. C 06-06247 CW

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS (Docket No. 248)

    Plaintiff Constance Finley moves the Court to review the Clerk's taxation of costs against her. Defendant Hartford Life and Accident Insurance Co. opposes Plaintiff's motion. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS Plaintiff's motion in part and DENIES it in part.

BACKGROUND

    On December 1, 2010, the Clerk taxed costs in the amount of $12,637.75 against Plaintiff. This amount was the sum of the following costs: $531.75 for fees for service of deposition subpoenas; $2,460.00 for printed or electronically recorded transcripts necessarily obtained for use in this case; $455.00 for the fee to file an appeal with the Ninth Circuit; and $9,191.00 for the supersedeas bond obtained to secure a stay of the Court's judgment pending appeal. Plaintiff opposed Hartford's motion to

obtain a stay without bond, stating that she "is willing to take the risk that the bond premium will be taxed to her later should the Court's judgment in her favor be overturned." Pl.'s Opp'n to Def.'s Mot. to Stay Enforcement of J. Pending Appeal Without Bond 3.

Plaintiff's current annual income is $57,000 per year, based on her total monthly income of $4,737.00, which consists of $3,000.00 from her private disability insurance and $1,737.00 from Social Security Disability Insurance (SSDI). She currently owns a home.

Plaintiff claims that her basic monthly living expenses total $7,115.00. Plaintiff asserts that, of this amount, she pays $3,931.00 for her mortgage. She proffers an October 18, 2010 mortgage statement, showing that she was $15,724.00 past due on her loan payments as of that date. Finley Decl., Ex. B. Plaintiff claims that she also missed her subsequent loan payment, causing her to become approximately $21,000 in arrears. Plaintiff also claims that she spends $1,200 for medical treatment each month, apparently because her condition was exacerbated by a November, 2009 car accident. See Finley Reply Decl. ¶ 2; Finley Decl., Ex. D (listing medical bills under heading "St. Helena rear-ender"). Plaintiff also provides a monthly checking account statement, dated November 16, 2010, which states that she had $510.28 in her account. Id., Ex. C. The statement reflects $4,256.00 in credits and $4,856.70 in debits. However, only seven debit transactions, totaling $3,075.00, are shown; the remaining twenty-four debits were redacted. Id. Plaintiff asserts that she has only one checking account, and no savings or retirement accounts.

In October, 2009, Plaintiff declared bankruptcy. On November 24, 2009, the bankruptcy court confirmed her debtor's plan. Def.'s Request for Judicial Notice (RJN), Ex. 3.[1] In her bankruptcy petition, she stated that she had an average income of $5,923.00 per month, which included the insurance proceeds discussed above and $1,200.00 she earned by renting out a room in her home. Id., Ex. 1, at 9. She also claimed that her medical expenses amounted to $150.00 per month, not including her Medicare premium. Id., Ex. 1, Sch. J.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) authorizes the Court to grant the prevailing party its costs. The determination of taxable costs is governed by 28 U.S.C. § 1920 and, more particularly, Civil L.R. 54-3, which specifically enumerates the standards for costs recoverable in this District. This Court may only tax costs explicitly authorized by § 1920. See Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177-78 (9th Cir. 1990); see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Section 1920 permits the taxing of costs for various items, such as deposition transcripts and copying of papers, if they are "necessarily obtained for use in the case." 28 U.S.C. § 1920.

Rule 54(d)(1) creates a presumption in favor of awarding all costs to a prevailing party. Despite this presumption, a district court has discretion to refuse to award costs. Ass'n of Mexican-

---

[1] Because Plaintiff does not oppose Hartford's request for judicial notice of documents related to her bankruptcy, the Court GRANTS Hartford's request.

3

Am. Educators v. California (AMAE), 231 F.3d 572, 591 (9th Cir. 2000). To justify a departure from the general rule, a losing party must demonstrate that a case is not "'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." Id. at 593. Costs may be refused for various reasons, including the "losing party's limited financial resources." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (citations omitted).

I. Service of Deposition Subpoenas

Plaintiff objects to the $531.75 fee Hartford incurred in serving deposition subpoenas related to Plaintiff's motion for attorneys' fees and costs, which was made prior to the resolution of Hartford's appeal. Hartford does not dispute that, at the time it served the subpoenas, the Court had not re-opened discovery. Indeed, the Magistrate Judge assigned to discovery quashed the subpoenas, noting that they were "unauthorized." Docket No. 212, at 1. Because they were not authorized, the Court finds that the subpoenas were not reasonably required and disallows the $531.75 fee to serve them.

II. Deposition Transcripts

Plaintiff objects to various costs arising from deposition transcripts. She objects to the copies of transcripts Hartford obtained of the depositions of Jarred Bernard Morgan, Shawn Dempsey and Donald Richard Sawn. Hartford did not take these individuals' depositions and, thus, did not receive an original transcript of them. Under Civil L.R. 54-3(c)(1), only the cost of an original and a copy of any deposition is allowable.

With respect to Morgan, the invoice proffered by Hartford

4

shows the following charges for transcripts: (1) "Transcript Copies" for $82.50, (2) "Rough Draft E-Mail" for $61.25 and (3) "E-Transcript" for $25.00. Def.'s Bill of Costs 7. As noted above, Hartford is allowed only one copy of the deposition. Accordingly, based on Plaintiff's objection, the Court disallows the costs related to the rough transcript sent by email and the "E-Transcript," for a total of $86.25.

The invoice pertaining to the Dempsey and Sawn depositions lists $335.50 and $294.25 for their depositions, respectively. However, the invoice also includes a charge of $309.15 for "ROUGH DISK." Although Hartford does not explain what was stored on this disk, it presumably contained electronic versions of the transcripts of the depositions. Hartford does not establish that this was necessarily obtained for this case. Accordingly, based on Plaintiff's objection, the Court disallows $309.15 for the "ROUGH DISK."

Finally, Plaintiff objects to various charges related to "litigation support packages." Neither Hartford nor the invoices explain the purpose of the "litigation support packages." Thus, it is not clear whether these packages were necessarily obtained for this case. Accordingly, based on Plaintiff's objection, the Court disallows $75.00 for "litigation support packages."

In sum, the Court disallows $470.40 for costs related to deposition transcripts based on Plaintiff's well-founded objections. However, based on Plaintiff's financial resources, the Court exercises its discretion to disallow the remaining costs for deposition transcripts.

III. Supersedeas Bond Premium

As noted above, Plaintiff was taxed $9,191.00 for the premium Hartford paid to obtain a supersedeas bond. This amount reflected a non-refundable premium paid to maintain the bond in force for one year.

Plaintiff asserts that this premium should be discounted by two-thirds because the bond was required only from July 23, 2010 until November 10, 2010, the date the Ninth Circuit's mandate issued. Plaintiff's objection is not well taken. The premium was for a one-year term and was non-refundable. Plaintiff does not assert that Hartford could have obtained a bond on different terms. Further, as noted above, Plaintiff insisted that Hartford obtain such a bond, notwithstanding its financial resources, and stated that she assumed the risk that costs related to obtaining a bond would be taxed against her if she did not prevail on appeal. As Plaintiff observes now, Hartford had substantial assets at the time she opposed its request to seek a stay without bond.

Accordingly, the Court permits Hartford to recover the full amount of the supersedeas bond premium.

IV. Filing of Notice of Appeal

Plaintiff was taxed $455.00 for the fee Hartford paid to file its notice of appeal. Based on Plaintiff's financial resources, the Court exercises its discretion to disallow this cost.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part Plaintiff's motion for review of the Clerk's taxation of costs and DENIES it in part. (Docket No. 248.) Plaintiff does not justify disallowing all of Hartford's costs. Many of her objections,

however, are well-taken; based on them, the Court disallows $1,002.15 in Hartford's costs. Based on Plaintiff's financial resources, the Court exercises its discretion to disallow the remainder of Hartford's costs, other than the premium it paid for the supersedeas bond.

Accordingly, $9,191.00 in costs is taxed against Plaintiff. Plaintiff shall pay this amount forthwith.

IT IS SO ORDERED.

Dated: 1/31/2011

CLAUDIA WILKEN
United States District Judge